IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS RODELLA and
DEBBIE RODELLA,

      Plaintiffs,

v.                                                           Civ. No. 08-125 JP/CEG

ANTONIO ESPARZA and BORDER
DEMOLITION & ENVIRONMENTAL, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On August 21, 2008, Plaintiffs filed Plaintiffs' Motion to Strike Immaterial, Impertinent, and Scandalous "Notice of Order" (Doc. No. 35). Plaintiffs request that the Court strike a document filed by Defendants Antonio Esparza and Border Demolition & Environmental, Inc. on August 15, 2008 (Doc. No. 30). The Court finds that the document is not relevant to any issue presented in this case and therefore, under the Court's inherent power to manage its docket, it should be struck.

### Background

On August 15, 2008, Defendants filed a document ("Notice") "notif[ying] the Court" of an order of another court (attached to the filing) assessing costs against Plaintiff Thomas Rodella.[1] (Doc. No. 30.). The Notice did not ask for any relief or purport to be related in any way to other pleadings or motions in this case. (*See id.*).

Six days later, Plaintiffs filed Plaintiff's Motion to Strike Immaterial, Impertinent, and

---

[1] Because the Court bases its decision on the irrelevance of this filing, the Court finds it unnecessary to describe the circumstances which resulted in the judgment against Mr. Rodella.

Scandalous "Notice of Order" (Doc. No. 35). Plaintiffs argued that the "notice and accompanying filing have no relevance whatsoever to the claims made in this suit," and that Defendants were trying to "'poison the well' ... two business days before [a] scheduled mediation." (*Id.* at 2.). Plaintiffs also argued that the filing violated both New Mexico professional standards and local civil rules which require adherence to state standards. (*Id.*) (citing D.N.M.LR-Civ. 83.9). For relief, Plaintiffs ask this Court to strike the Notice. In support of that relief, Plaintiffs cited Federal Rule of Civil Procedures 12(f) as well as the "Court's inherent powers." (*Id.* at 1.) (citing Fed. R. Civ. P. 12(f); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

In response, Defendants stated that "defense counsel was under the impression" that the order was "in the form of a 'lien' and that the Court in this matter needed to be made aware of this 'lien' should the case be settled." (Doc. No. 42 ¶ 5.). They disclaimed any intent "to inject the issue contained in the [order] into Plaintiffs' personal injury lawsuit." (*Id.* ¶ 9.). Instead, "the sole purpose in filing the Notice was to make the federal court aware of the costs and expenses that would have to be paid from settlement or judgment based upon the Notice." (*Id.* ¶ 10.) (emphasis added). Defendants did not provide an explanation as to how they came to the conclusion that there was such a need. (*See id.*). Defendants also indicated that they were making efforts to resolve the issue with Plaintiffs. (*Id.* ¶¶ 20, 23.).

In reply, Plaintiffs made three points. First, they highlighted Defendants' failure to explain why the Notice was "in any way material, or even pertinent, to any issues raised in this personal injury action." (Doc. No. 46 at 1.). Second, they noted that "Defendants did not put this Court on 'notice'" of other, more relevant claims such as medical insurers with "subrogated interests directly related to Mr. Rodella's recovery *in this suit*." (*Id.* at 3.). Third, they argued

that the filing of the Notice a few days prior to a scheduled settlement conference indicated bad faith on the part of Defendants. (*Id.* at 3-4.).

## Analysis

As an initial matter, the Court finds that the Notice is not relevant to any issue in this case. Defendants' sole justification for filing it is that they were "under the impression" the Court "needed to be made aware" of the order. However, Defendants cite no authority requiring or even permitting a filing such as the Notice. Defendants also fail to explain why the Court would have any need to be made aware of an outstanding judgment against Mr. Rodella. Perhaps, in the circumstance of Plaintiffs prevailing in this suit and later bringing a second action in this Court to enforce that judgment, a judgment creditor from another action might move to intervene, making that order relevant. *E.g. Peckham v. Family Loan Co.*, 212 F.2d 100, 106 (5th Cir. 1954) (intervention by judgment creditor where funds insufficient to pay both judgments). However, here there is no action to enforce a judgment; indeed, there is no judgment at all at this point. Furthermore, as Plaintiffs point out, Defendants' failure to make this Court aware of other, more relevant interests undercuts their justification for filing the Notice.

With this initial matter out of the way, the discussion turns to the proper source of this Court's power to strike the Notice.[2] Plaintiffs first ask for relief under Federal Rule of Civil Procedure 12(f). Under Rule 12(f), "[t]he court may strike from *a pleading* an insufficient defense or any redundant, *immaterial*, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Although the Notice is immaterial, several cases, following the plain language of 12(f), have limited the Rule's application to pleadings as enumerated in Rule 7(a). *E.g.*,

---

[2] As will become apparent from this discussion, the irrelevance of the Notice is sufficient to give the Court power to strike it, and therefore the Court need not address arguments that it was filed in bad faith.

*Stands Over Bull v. Bureau of Indian Affairs*, 442 F. Supp. 360, 368 (D. Mont. 1978). *But see, e.g.*, *Pigford v. Veneman*, 215 F.R.D. 2, 4 n.1 (D.D.C. 2003) (holding that Rule 12(f) provided alternative grounds to Rule 11 for striking a "scandalous" filing). These cases typically involve a motion to strike an affidavit, or a filing (in whole or part) from another motion, or both.  *E.g.*, *Stands Over Bull*, 442 F. Supp. at 368 (motion to strike affidavit); *Newsome v. Webster*, 843 F. Supp. 1460, 1464-65 (S.D. Ga. 1994) (same); *Cobb v. Monarch Finance Corp.*, 913 F. Supp. 1164, 1180-81 (N.D. Ill. 1995) (motion to strike motion for summary judgment); *Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 682-83 (D. Ariz. 1993) (motion by one defendant to strike other defendants' response to a motion to dismiss); *Bd. of Educ. of Evanston Tp. High School Dist. No. 202 v. Admiral Heating and Ventilation, Inc.*, 94 F.R.D. 300, 303-04 (D.C. Ill. 1982) (motion to strike footnote from memorandum); *Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) (motion by plaintiff to strike defendant's response to plaintiff's motion for summary judgment, as well as supporting affidavits). While the Notice does not match any of these examples, it is clearly not a pleading as enumerated in Rule 7(a). Therefore, the Court declines to strike it under Rule 12(f).

Although not cited by Plaintiffs, another rule, Federal Rule of Civil Procedure 11, does give this Court the power to strike the Notice. Rule 11 sets a standard for all filings:

> By presenting to the court a pleading, written motion, or *other paper*--whether by *signing*, *filing*, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b) (emphasis added). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." *Id.* 11(c)(1). Appropriate sanctions include "striking the offending paper." Advisory Committee Notes to 1993 Amendments to Rule 11; *see also Pigford*, 215 F.R.D. at 5 (striking filing based in part on Rule 11). "Rule 11 sanctions are meant to serve several purposes, including ... *streamlining court dockets* and facilitating case management." *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (emphasis added).

Here, the Notice is "other paper" that has been both signed and filed by counsel for Defendants and is therefore subject to the Rule 11 standard. To find a violation of that standard in this case, it is not necessary to conclude that the Notice was filed for an improper purpose such as harassment. By filing the Notice, Defendants have certified that "other legal contentions are warranted," including its implicit relevance. *See Lapin v. United States*, 118 F.R.D. 632 (D. Haw. 1987) (Rule 11 sanctions for series of filings in bad faith, including some with "no conceivable relevance"). Since the Notice is not relevant to this case in any way, the standard has been violated. Nor is the Notice saved by Rule 11's requirement of merely a reasonable inquiry by the certifying attorney. Defendants have only been able to offer a very weak justification for filing the Notice, even with the benefit of time to respond to Plaintiffs' motion; therefore it is improbable that they made more than a cursory and therefore unreasonable inquiry at the time of filing. Finally, striking the Notice would serve a purpose of Rule 11–streamlining this Court's docket.

However, Rule 11 prescribes a "mandatory" procedure for a district court to follow when imposing "*any* Rule 11 sanction" on its own initiative. *Hutchinson v. Pfeil*, 208 F.3d 1180, 1185 (10th Cir. 2000) (emphasis added). The mandatory steps are "issuance of a show cause order

Case 2:08-cv-00125-JAP-CG   Document 58   Filed 11/12/08   Page 6 of 7

specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how she has not violated the rule." *Id.* While the procedural due process concerns underlying this requirement are absent here–the Court has not been asked to grant monetary sanctions–the plain text of the Rule prohibits *sua sponte* striking of the Notice.

This digression into Rule 11 helps to explain why this Court has the inherent power to strike the Notice. In general, federal courts have an inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Statutes and rules of procedure may limit it, but "[a]t the very least, the inherent power must continue to exist to fill in the interstices." *Id.* at 46-47. The power allows the courts to "impose sanctions that are necessary to regulate the docket [and] promote judicial efficiency." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) (discussing powers of court of appeals).[3] "[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers*, 501 at 49. However, a "court ordinarily should rely on the Rules, rather than the inherent power," unless "in the informed discretion of the court ... the Rules are [not] up to the task." *Id.* at 50. Finally, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44. One measure of restraint is the "efficacy of lesser sanctions." *Cf. Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (discussing inherent power to dismiss a case).

Since Rule 12(f) does not apply to the Notice and the procedural safeguards of Rule 11

---

[3] Courts also have inherent power to sanction bad-faith conduct, *see Chambers*, 501 U.S. at 45-47, but, as already noted, it is not necessary to find that Defendants acted in bad faith to grant Plaintiffs' requested relief.

exist primarily for monetary sanctions not sought by Plaintiffs, the Court finds that there is an interstice in the Rules to be filled by the Court's inherent power. The potential applicability of Rule 11 does not prohibit the Court from invoking its inherent power, because the additional mandatory procedural safeguards of Rule 11 are unnecessary in this situation. Plaintiffs invoked the Court's inherent powers when bringing this motion and Defendants have had their notice and opportunity to respond to that motion. Striking the Notice regulates this Court's docket by removing an irrelevant filing and promotes the orderly and expeditious disposition of this case by resolving a point of contention between the parties. Finally, as compared with more serious sanctions, striking the Notice is a restrained exercise of the Court's inherent power. As a result, the Notice should be struck.

**IT IS THEREFORE ORDERED** that:

Plaintiffs' Motion to Strike Immaterial, Impertinent, and Scandalous "Notice of Order" (Doc. No. 35) is GRANTED and the "Notice of Order" (Doc. No. 30) is struck.

_____
SENIOR UNITED STATES DISTRICT JUDGE