IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS RODELLA and
DEBBIE RODELLA,

      Plaintiffs,

v.                                                                                          Civ. No. 08-125 JP/CEG

ANTONIO ESPARZA and BORDER
DEMOLITION & ENVIRONMENTAL, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

On April 23, 2009, Defendants Antonio Esparza and Border Demolition & Environmental, Inc. filed their Motion in Limine to Exclude Cumulative Expert Testimony (Doc. No. 78.) Defendants seek to exclude the testimony of Dr. Sidney Schultz, an expert witness for Plaintiffs Thomas and Debbie Rodella, on the grounds that Dr. Schultz's testimony is cumulative and therefore inadmissible under Federal Rule of Evidence 403. Dr. Schultz's intended testimony, as reflected in his written report, at most partially overlaps that of other witnesses and is not in its entirety cumulative. Defendants' motion should be denied.

**Background**

This case arises out of an accident on October 14, 2004, near Santa Fe, New Mexico. Plaintiffs make the following allegations. At approximately 10:18 AM on October 14, 2004, Defendant Anthony Esparza, a commercial truck driver, was driving in the left lane of U.S. highways 84 and 285 just north of Santa Fe. He changed into the right lane, striking Plaintiffs' vehicle on its left side and forcing it into a concrete barrier on the right side of the road. As a result, Thomas Rodella ("Rodella"), the driver of the vehicle, claims he sustained injuries,

including injuries to both of his shoulders.

In their motion, Defendants state that Plaintiffs intend to call as witnesses four medical doctors, each to testify as to Rodella's injuries and the causes of them. Defendants argue that this testimony is cumulative and should be excluded under Federal Rule of Evidence 403. In particular, Defendants view the testimony of Dr. Sidney Schultz, who did not treat Rodella but instead reviewed his medical record, as duplicating the testimony of the three treating physicians. Defendants cite *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989), as an example where the proffered testimony of a medical expert duplicated the testimony of a treating physician and was properly excluded by a district court.

In response, Plaintiffs first state they will not call two of the doctors: Dr. Donald Hassemer, Rodella's primary care physician, and Dr. Wayne Auge II, an orthopedist who performed arthroscopic surgery on Rodella's left shoulder.[1] Plaintiffs do intend to call as witnesses the two remaining doctors: Dr. Samuel Tabet, another orthopedist who performed arthroscopic surgery on Rodella's right shoulder; and Dr. Schultz, an orthopedist identified as an expert witness by Plaintiffs. In light of this pruning of medical witnesses, Plaintiffs argue that the testimony of Dr. Schultz will not be cumulative, as he will testify as to all of Rodella's injuries, something Dr. Tabet cannot do. Furthermore, Plaintiffs point out that Dr. Schultz brings the perspective of an expert witness; that is, he intends to testify on the reasonableness and necessity of treatment and on causation. Plaintiffs distinguish *Leefe* by noting that, in *Leefe*, both

---

[1] This also disposes of Defendants' request, presented briefly in the argument section of their motion, to exclude Dr. Hassemer's testimony on the basis of Plaintiffs' failure to disclose him as a witness.

witnesses were treating physicians and would have testified on identical issues.[2]

## Analysis

Federal Rule of Evidence 403 provides, in relevant part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed ... by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "'Cumulative evidence' is defined as evidence 'which goes to prove what has already been established by other evidence.'" *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 829 (10th Cir. 1995) (quoting Black's Law Dictionary 343 (5th ed. 1979)).

Here, Rodella seeks to prove through the testimony of the two doctors the extent, cause, and reasonableness and necessity of treatment of three injuries: 1) the injury to his left shoulder; 2) the injury to his right shoulder; 3) other injuries Rodella alleges he suffered as a result of the accident. Dr. Tabet only treated Rodella's right shoulder and can testify, at most, about that shoulder. Dr. Schultz can testify about all of Rodella's injuries. The testimony of the two doctors overlaps, at most, on the extent of and cause of the injury to the right shoulder and the reasonableness and necessity of treatment of it. As Plaintiffs point out, Dr. Schultz takes a broader perspective on causation; thus, his testimony on the cause of Rodella's right shoulder injury may not overlap Dr. Tabet's at all.[3] It would be error to exclude Dr. Schultz's testimony in

---

[2] Plaintiffs also argue that the deadline for pretrial motions was December 2, 2008 (Doc. No. 14 at 2) and therefore Defendants' motion should be denied as untimely. Defendants' motion was filed on April 23, 2009, which gives the Court discretion to consider it untimely. (*See id.*) However, the Court declines to do so.

[3] It is not clear from the briefing if Plaintiffs identified Dr. Tabet as an expert witness or if he provided a written report to Defendants. Depending on those disclosures, the scope of opinions Dr. Tabet can offer–particularly in regard to causation–may be limited. *See Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) (treating physician not identified as expert witness); *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1179 (D.N.M. 2007) (treating physician identified as expert witness but no written report provided).

its entirety on the basis of a partial overlap with Dr. Tabet on one injury. If, at trial, Dr. Schultz's testimony specifically on Rodella's right shoulder duplicates Dr. Tabet's testimony–or vice versa, should Dr. Schultz testify first–Defendants may object to that testimony at that time. *See Leefe*, 876 F.3d at 410-11 (where plaintiff had "numerous injuries" from an accident, district court did not err in excluding duplicative testimony of second doctor on particular issues of plaintiff's disability rating and possibility of developing arthritis). However, at this point, Defendants' motion should be denied.

**IT IS THEREFORE ORDERED THAT:**

Defendants Antonio Esparza and Border Demolition & Environmental, Inc.'s Motion in Limine to Exclude Cumulative Expert Testimony (Doc. No. 78) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE